Thomas D. Powers
State Bar No. 16218700
Office of the Standing Chapter 13 Trustee
125 E. John Carpenter Freeway, Ste 1100
Irving, Texas 75062
(214) 855-9200 / (214) 965-9758 Fax

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO: **10-30078-BJH-13** |
| | § | |
| **GARY D. WHITE** | § | CHAPTER 13 |
| | § | |
| | § | PRE- HEARING: **MARCH 25, 2010** |
| | § | AT  8:30 A.M. |
| | § | HEARING: **MARCH 29, 2010** |
| DEBTOR(S) | § | AT 2:00 P.M. |

## TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE

TO THE HONORABLE BARBARA J. HOUSER, U.S. BANKRUPTCY JUDGE:

Comes now, **Standing Chapter 13 Trustee**, Movant herein, and pursuant to Sections 1307(c) and 109(g) of the Bankruptcy Code and Bankruptcy Rule 9014 and files this his Motion to Dismiss the above proceeding with prejudice, and would show unto the Court as follows:

1. Debtor(s) initiated this instant Chapter 13 proceeding by the filing of a voluntary petition on January 4, 2010.  Debtor is represented by Joyce W. Lindauer in this matter.

2. Debtor's voluntary petition fails to disclose one of three prior filings.

a. **Case No. 04-33994-HDH-13**, which was disclosed, and was filed on April 6, 2004, as a joint petition with spouse, Jena Jan White.  The case was dismissed prior to confirmation on June 16, 2004, for failure to attend the 341 Meeting of Creditors.  Debtor was represented by Michael A. Dover in this matter.

b. **Case No. 04-43615-BTR-13**, which was not disclosed, was filed on August 2, 2004, as a joint petition with spouse, Jena Jan White.  The case was dismissed prior to confirmation on March 17, 2005, for failure to file a new

Chapter 13 plan within 30 days pursuant to an Order entered by the Court on February 10, 2005. Debtor was represented by Michael A. Dover in this matter.

      c.  **Case No. 05-42972-BTR-13**, which was disclosed, was filed on June 3, 2005, as a joint petition with spouse, Jena Jan White. The case was not discharged by the Court but closed on December 16, 2008. Debtor was represented by Pelley Law Offices in this matter.

3.    Debtor's pattern of filing repetitive Chapter 13 proceedings constitutes "serial filings."  As noted, this is the Debtor's **FOURTH** Bankruptcy proceeding since April 6, 2004.

4.    The filing of serial Chapter 13 petitions is not per se prohibited. However, the Trustee submits that debtors' serial filings exhibit lack of "good faith" as required by 11 U.S.C. Section 1307(c) which states in part: "…on the request of a party in interest … and after notice and a hearing, the court may convert … or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, …"

5.    Debtor's attempt to manipulate the judicial process by reimposing the automatic stay through multiple filings works an arguable fraud on creditors. Thus an abuse of Section 362 occurs when the Debtor has no intention of effectuating a realistic plan and the bankruptcy court's self-executing injunction results in unnecessary and costly delay. Abuse of the automatic stay provision (by multiple filings) may constitute grounds for imposing the measures provided under Bankruptcy Rule 9011. See, In re Franz, 142 B.R. 611 (Bkrtpcy.D.Conn) 1992).

   6. The previous filings of the Debtor and his spouse show a pattern of conduct that does not comport with the spirit of the Bankruptcy Code's provisions. This supports a conclusion that the latest in a series of petitions was filed for the primary purpose of delaying creditors.

      Wherefore, **Standing Chapter 13 Trustee**, Movant herein prays for the entry by this Court of an Order **DISMISSING** the above styled Chapter 13 proceeding of the Debtors, with prejudice for a period of **ONE YEAR**, and for all

other just and proper relief.

           Respectfully submitted,
           Standing Chapter 13 Trustee

By:   /s/Deborah B. Morton
       Deborah B. Morton
       Staff Attorney to Chapter 13 Trustee
       State Bar No. 14558980

## NOTICE OF HEARING ON THE TRUSTEE'S
## MOTION TO DISMISS WITH PREJUDCE

You are hereby notified of the filing of the **"Trustee's Motion to Dismiss with Prejudice" and "Notice of Hearing Thereon"** for the reasons therein stated.

A pre-hearing conference on the "Trustee's Motion to Dismiss with Prejudice" will be held on **March 25, 2010** at 8:30 a.m. at 125 E. John Carpenter Freeway, Suite 1100, Irving, Texas 75062. Any objections to the proposed motion not resolved or defaulted at the pre-hearing conference will be heard by the Court on **March 29, 2010** at 2:00 p.m. on the same day at 1100 Commerce Street, Fourteenth Floor, Dallas, Texas. Parties are not required to attend the pre-hearing conference unless they object to the motion.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Trustee's Motion to Dismiss with Prejudice" and "Notice of Hearing Thereon" has been served to the following parties at the addresses listed below by United States First Class Mail.

**Debtor's Attorney:**        **Debtors:**

Joyce W. Lindauer        Gary D. White
8140 Walnut Hill Lane, Suite 301        1811 Hollow Oak Court
Dallas, Texas 75231        Dallas, Texas 75287

**Notice(s) of Appearance:**

None on file at this time.

Dated:  1/27/2010        By: /s/Deborah B. Morton
                         Attorney for Standing Chapter 13 Trustee