**OFFICE OF THE STANDING CHAPTER 13 TRUSTEE**
125 E. John Carpenter Freeway, Suite #1100
Irving, Texas 75062
(214) 855-9200

```
                    IN THE UNITED STATES BANKRUPTCY COURT
                     FOR THE NORTHERN DISTRICT OF TEXAS
                               DALLAS DIVISION
```

IN RE:                                              CASE NO. 10-30078

**GARY D. WHITE**                                   CHAPTER 13

    DEBTOR(S),                                  JUDGE BARBARA J. HOUSER

<u>OBJECTION TO CONFIRMATION</u>

Now comes the Standing Chapter 13 Trustee herein and filed this **"Objection to Confirmation"** of the Plan heretofore filed herein by Debtor(s), and for same would respectfully show the Court as follows:

\_\_\_ 1. The Plan does not provide for full payment in deferred cash payments, of all claims entitled to **Priority** under 11 U.S.C. Section 507, per 11 U.S.C. Section 1322(a)(2), because:


\_\_\_ 2. The Plan does not provide for the same treatment for each claim within a particular class, per 11 U.S.C. Section 1322(a)(3), and/or discriminates unfairly against a particular class in violation of 11 U.S.C. Section 1322(b)(1), because:


\_\_\_ 3. The Plan has not been proposed in "good faith" per 11 U.S.C. Section 1325(a)(3), because:


_X_ 4. The Plan as filed pays $      .00 to unsecured creditors. This is less than they would receive in Chapter 7 liquidation. The Plan therefore fails to meet the requirement of 11 U.S.C. Section 1325(a)(4) of the Bankruptcy Code. In a Chapter 7 liquidation, unsecured creditors would receive at least $ **99,300.00**, computed as follows: **DEBTOR'S INTEREST IN NON-EXEMPT STOCK & UNKNOWN VALUE OF AGJ COMPANY.**


This Objection can be cured by Modification which provides, in effect, as follows:


\_\_\_ 5. With regard to secured claims:

    \_\_ a. The Plan does not provide that the holder of each secured claim, retain a lien on the collateral securing same, per 11 U.S.C. Section 1325(a)(5)(b)(i).

    \_\_ b. The Plan does not provide for payments to creditors who have been "crammed down" to be paid through the Trustee, per 11 U.S.C. Section 1322(a)(1), and Section 1326(b).

    \_\_ c. The Plan does not provide for a specific monthly payment to a creditor secured by a motor vehicle sufficient to amortize the secured claim at or exceeding the rate of depreciation of collateral.

This Objection can be cured by Modification, which provides in effect, the following: **Changing "PRO RATA" treatment to a "PER MONTH" specific dollar amount, for all creditors secured by motor vehicles.**

_X_ 6. The Debtor(s) will not be able to make all payments under the Plan and comply with the Plan, (i.e., it is not "feasible") per 11 U.S.C. Section 1325(a)(6), because: **IT APPEARS THERE IS INSUFFICIENT INCOME TO FUND PLAN AND PAY NORMAL LIVING EXPENSES. SCHEDULES REFLECT A NEGATIVE NET INCOME OS $7135 PER MONTH.**

___ 7. The Plan does not propose 100% payment to unsecured creditors and the Trustee objects to confirmation on the grounds that the Plan does not provide for all of the Debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the Plan, will be applied to make payments under the Plan as required by 11 U.S.C. Section 1325(b)(1)(B), because:

___ 8. Debtor(s) is/are ineligible to be in Chapter 13 pursuant to 11 U.S.C. Section 109(e) because their scheduled liquidated, noncontingent unsecured debts are $         .00:

___ 9. Debtor(s) is/are proposing to classify as a "special class" of unsecured debt to be paid in full a guaranteed student or educational loan which first became due before seven years before the filing of this Chapter 13 Petition, at the same time Debtor(s) propose to pay "general" unsecured creditors less than 100%. This is unfair discrimination against general unsecured creditors, in violation of 11 U.S.C. Section 1322(b)(1).

_X_ 10. Other: **PLAN FILED 03-01-2010 DOES NOT PROVIDE SUFFICIENT NOTICE TO CREDITORS. ALSO, TRUSTEE REQUESTS CLARIFICATION ON CREDITOR'S FULL NAME AND ADDRESS OF CREDITOR ON AUTOS.**

**WHEREFORE**, the Standing Chapter 13 Trustee prays that said Plan not be Confirmed unless and until it has been modified to cure all objections set forth herein above, and for general relief.

Respectfully submitted,

TOM POWERS, CHAPTER 13 TRUSTEE

By:/s/Tara Tankersley
Tom Powers/Deborah B. Morton
Tara Tankersley
State Bar No. 16218700/14558980/19636900
125 E. John Carpenter Freeway, Suite #1100
Irving, Texas 75062
(214) 855-9200

Office of the Chapter 13 Trustee
125 E. John Carpenter Fwy, Suite 1100
Irving, Texas 75062
(214) 855-9200/ Fax (214) 965-0758

CASE NO. 10-30078-BJH-13
GARY D. WHITE

Certificate of Service

I hereby certify that a copy of the foregoing "Trustee's Objection to Confirmation" was served on the following parties at the addresses listed below by United States First Class Mail.

DEBTOR(S): GARY D. WHITE, 18111 HOLLOW OAK COURT, DALLAS TX, 75287
DEBTOR(S) ATTORNEY:
JOYCE W LINDAUER, 8140 WALNUT HILL LANE, SUITE 301, DALLAS TX, 75231
CREDITORS:
COUNTY OF DALLAS, CO LINEBARGER GOGGAN BLAIR, 2323 BRYAN STREET SUITE 1600, DALLAS TX, 75201-2644
PITE DUNCAN LLP, 4375 JUSTLAND DR STE 200, PO BOX 17935, SAN DIEGO CA, 92117-0935

Dated: 03/08/2010                By: /s/Tara Tankersley